UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.	CASE NO. 8:09-cr-461-T-23EAJ

JARROD DAVON PETERSON
_____/

## **FINAL JUDGMENT OF FORFEITURE**

The United States moves (Doc. 22) for entry of a final judgment of forfeiture pursuant to Rule 32.2(c)(2), Federal Rules of Criminal Procedure; 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(n)(7) as to (a) one Walther, Model P22 Pistol, S/N L020517 and (b) ten (10) rounds of Remington Rimfire .22 caliber ammunition.

The indictment (Doc. 1) charged Jarrod Davon Peterson ("Peterson") with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. The indictment also contained a notice regarding the United States' intent to seek forfeiture of Peterson's right, title, and interest in the above-referenced firearm and ammunition, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c),.

On November 10, 2009, the United States filed a "Notice of Maximum Penalty, Elements of Offense, Personalization of Elements, and Factual Basis" (Doc. 12), which provided the facts supporting Peterson's conviction on the offense charged in the indictment. On November 17, 2009, Peterson pleaded guilty before United States Magistrate Judge Elizabeth A. Jenkins. (Doc. 15) On December 9, 2009, Peterson's plea was accepted and he was adjudicated guilty. (Doc. 16). On February 8, 2010, Peterson was sentenced, and the weapon and ammunition were forfeited. (Doc. 18)

Lawrence Richard Proveaux is the only person known to have any potential interest in the weapon and ammunition. The United States provided notice of it's intent to forfeit the firearm and ammunition to Proveaux at all of his known addresses by certified and regular mail. Proveaux has filed no claim to the weapon and ammunition.

In accord with Rule 32.2(b)(6)(C), Federal Rules of Criminal Procedure, and 21 U.S.C. § 853(n), from February 10, 2010, through March 11, 2010, the United States published notice of the forfeiture on the official government website, www.forfeiture.gov. (Doc. 21). No third party filed a petition or claimed an interest in the weapon and ammunition, and the time for filing such petition has expired. Accordingly, other than Peterson, whose interest was previously forfeited to the United States, and Proveaux, no person or entity is known to have an interest in the weapon and ammunition.

The United States' motion (Doc. 22) is **GRANTED**. All right, title, and interest in the above-referenced weapon and ammunition are **CONDEMNED** and **FORFEITED** to the United States of America for disposition according to law under the provisions of Rule 32.2(b)(2), Federal Rule of Criminal Procedure; 18 U.S.C. § 924(d)(1); 28 U.S.C. § 2461(c); and 21 U.S.C. § 853(n)(7). Clear title to the weapon and ammunition now vests in the United States of America.

ORDERED in Tampa, Florida, on May 26, 2010.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE